(65 Misc. Rep. 34.)

### NYBOE v. STERN et al.

#### (Supreme Court, Appellate Term.  November 12, 1909.)

MASTER AND SERVANT (§ 107*)—SAFE PLACE TO WORK—DUTY OF MASTER.

While a master, having control of the times, places, and conditions under which a servant is required to labor, must guard him against probable danger, where it may be done by exercise of reasonable caution, he need not guard against every possible danger, but only such as would occur to a reasonably prudent man as liable to happen; and in an action by a servant, injured while working in a boiler room by the falling of the cover of a fertilizer dryer which was leaning against a partition, the boiler room being concededly a safe place usually, but rendered unsafe by an employé having left the cover off the dryer while making repairs, it was error to refuse a charge that the master could not be held negligent unless it affirmatively appeared that he ought reasonably to have anticipated the accident from the circumstances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William Nyboe against Joseph Stern and others.  Judgment for plaintiff, and defendant Moses Stern appeals.  Reversed, and new trial ordered.

See, also, 116 N. Y. Supp. 660.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Frank Verner Johnson (Thomas P. Dunphy, of counsel), for appellant.

Alfred E. Ommen (A. Mitchell Leslie, of counsel), for respondent.

LEHMAN, J.  The plaintiff was a fireman in the employ of the defendants.  His hours of work varied, but during the week in which he was injured he worked from midnight to 8 o'clock the next morning.  On Sunday morning, when he arrived at his work, he found a written order from the defendants' chief engineer requiring him to clean out a boiler.  He went into the boiler room, and while bending down to put a wrench on a valve the heavy iron cover of a fertilizer dryer, weighing about a ton, which was leaning against a partition, fell upon his foot.  The plaintiff had never seen this cover standing in that place before.  The defendants' chief engineer testified that the cover was usually upon the tank, but the tank was then being taken apart for repairs; that he had never seen the cover in that exact place before, and he had been in that room shortly before going home at 3 o'clock the previous afternoon.  The trial justice submitted the question of the defendants' negligence to the jury.

Obviously the plaintiff can, under these circumstances, recover from the defendants only upon the theory that they have failed to furnish him with a safe place to work.  Upon this point the trial justice charged, quite correctly:

"Irrespective, gentlemen, of any statute, it is the duty of the employer to furnish his employé with a reasonably safe place to work in.  Now, the plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff, at the time, was engaged in the work of the defendants; but, notwithstanding the fact that it is the duty of the employer to furnish a reasonably safe place to the plaintiff in which to do the work, he may not rashly and negligently attempt to do the work in a place which is obviously unsafe. That is, gentlemen, to put it in other words, an employer may be guilty of negligence, and furnish a place which is admittedly unsafe for his man to work in; but if his employé, knowing that it is unsafe, notwithstanding, works in such a place, he would be charged with contributory negligence. Now, in this case, gentlemen, was or was not this opening, as described to you, a reasonably safe place to work in, and was the plaintiff justified in doing or attempting to do the work that he was directed to do in this place?"

No exception was taken to this charge, and none could properly be taken; but the defendant was entitled to request a further charge as to the measure of the employers' duty to furnish a reasonably safe place. In this case the boiler room was concededly usually a safe place. It became unsafe through an employé leaving a cover on which he was working in a position where it might fall. Under these circumstances, the defendants are liable, if at all, under the rule that:

"It is the duty of the master, having control of the times, places, and conditions under which the servant is required to labor, to guard him against probable danger in all cases in which that may be done by the exercise of reasonable caution." McGovern v. Central Vermont R. R. Co., 123 N. Y. 280, 287, 25 N. E. 373, 374.

In the case of Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 404, 56 N. E. 897, 899, the court says:

"Human foresight is limited, and masters are not called upon to guard against every possible danger. They are required only to guard against such dangers as would occur to a reasonably prudent man as liable to happen."

In order to bring this rule to the attention of the jury, so that they might not find that the defendants were negligent merely because the place had not been safe, the defendants requested the justice to charge:

"That the defendants cannot be held negligent, unless from the evidence the jury can determine that it affirmatively appears that the defendants ought reasonably to have anticipated such accident from the circumstances."

This request to charge was not only correct in law, but was necessary to permit the jury to intelligently consider the circumstances.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.